**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

SHEN ZHENG                                                    CIVIL ACTION NO. 26-0939

VERSUS                                                          JUDGE S. MAURICE HICKS, JR.

WARDEN OF RICHWOOD                                MAGISTRATE JUDGE HORNSBY
CORRECTION CENTER, ET AL.

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order (TRO) (Record Document 2) filed by Petitioner Shen Zheng ("Petitioner").  Petitioner's Habeas Petition (Record Document 1) is also currently pending before this Court.

Petitioner arrived in the United States in 2000.  See Record Document 2 at 2.  In his filings, Petitioner stated that he received an order of removal on April 11, 2001.  See id.  He was taken into ICE custody on June 19, 2025.  See id.  In his Habeas Petition, he seeks immediate release from detention, or, alternatively, a bond hearing.  See Record Document 1 at 6.  In his Emergency Motion for Temporary Restraining Order (TRO), he petitions the Court for no removal while his habeas case is pending; no transfer out of Louisiana while his habeas case is pending; and advance, written notice of transfer or removal.  See Record Document 2 at 1, 3.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest.  See Misquitta v. Warden Pine Prairie ICE Processing Ctr., 353 F.Supp.3d

518, 521 (W.D. La. 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, No. 1:25-cv-00706, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted). Thus, this Court is without jurisdiction to grant Petitioner's request for "no removal." See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly, Petitioner's Emergency Motion for Temporary Restraining Order (TRO) (Record Document 2) is **DENIED** because he has not shown a likelihood of success on the merits as required to warrant that extraordinary remedy.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this __26th__ day of March, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

3